IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDGAR RENE NUNEZ (1) | § | |
| | § | 1:19-CV-1029-RP-SH |
| v. | § | 1:17-CR-270-RP-1 |
| | § | |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to

28 U.S.C. § 2255, filed October 21, 2019 (Dkt. 165), and Memorandum of Law in Support, filed

January 21, 2020 (Dkt. 175); the United States of America's Response, filed May 14, 2020

(Dkt. 182); and Movant's Reply, filed June 19, 2020 (Dkt. 183). On November 6, 2019, the District

Court referred the Motion to the undersigned, pursuant to 28 U.S.C. § 636(b). Dkt. 169.

## I.  Background

On September 22, 2017, Movant Edgar Rene Nunez was charged by superseding information

with Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C.

§ 846{841(a)(1) & (b)(1)(C)} (Count One), and Possession of a Firearm in Furtherance of a Drug

Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1) (Count Two). Dkt. 61. Pursuant to a plea

agreement, Nunez pled guilty to both counts the same day. Dkt. 65.

On September 28, 2017, the District Court sentenced Nunez to 64 months imprisonment as to

Count One and 60 months imprisonment as to Count Two, to run consecutively for a total of 124

months; a three-year term of supervised release; a $200 special assessment; and forfeiture of

certain firearms, ammunition, and accessories. Judgment, Dkt. 151. Nunez did not file a direct

1

appeal of his conviction and sentence, but he did file a Motion to Reduce Sentence on April 23, 2020. Dkt. 181. The District Court denied the Motion to Reduce Sentence on April 27, 2020.

Nunez now asks the Court to vacate his sentence based on ineffective assistance of counsel. The United States argues that Baker's Motion is untimely under the one-year statute of limitations applicable to motions under 28 U.S.C. § 2255.

## II.  Standard of Review

Under § 2255, four general grounds exist on which a defendant may move to vacate, set aside, or correct his or her sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citation omitted) (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). If the error is not of constitutional or jurisdictional magnitude, the movant must show that it "could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994) (internal quotation marks omitted).

## III.  Analysis

Section 2255 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). Specifically, § 2255 provides that the limitation period shall run from the latest of:

>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In most cases, the operative date from which the limitation period is measured will be the one identified in § 2255(f)(1): "the date on which the judgment of conviction becomes final." *Dodd*, 545 U.S. at 357.

Nunez's Motion to Vacate was filed after the one-year statute of limitations expired. Judgment was entered in Nunez's case on October 1, 2018, and because he did not file an appeal, the limitation period began to run on October 15, 2018, when the deadline for filing a direct appeal expired. *See United States v. Gonzalez*, 592 F.3d 675, 677 (5th Cir. 2009) (stating that, where movant did not file a notice of appeal, "his conviction became final when the deadline for filing an appeal expired"). Thus, Nunez had until October 15, 2019 to file his § 2255 Motion. Nunez did not sign his motion until October 17, 2019 – after the deadline – and did not mail it until October 18, 2019. Dkts. 165, 165-2. His § 2255 Motion thus is time-barred under § 2255(f)(1).

In his Reply, Nunez argues that "the law library was unavailable to him until October 17, 2019." Dkt. 185 at 2. But Nunez neither alleges nor provides any information from which the Court could conclude that any provision other than § 2255(f)(1) applies to this case. Accordingly, Nunez has failed to meet his burden to demonstrate that his filing was timely, and his § 2255 Motion must be dismissed. *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019).

## IV.  Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** Edgar Rene Nunez's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 165) as time-barred.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## VI.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, as amended to December 1, 2019, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* The Court further held:

> When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*

In this case, reasonable jurists could not debate the denial of Nunez's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, it is recommended that a certificate of appealability not be issued.

**SIGNED** on August 17, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

5